■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUBERT C. JORDAN, Appellant.—BRINK, J. Appeal from an order dismissing a petition in the nature of a writ of *coram nobis* without a hearing. The defendant was convicted of the crime of grand larceny, second degree, on the 7th day of October, 1959, upon his plea of guilty. He was given a suspended sentence and placed on probation for a period of one year. It is conceded that at no time did

the court comply with the provisions of section 335-b of the Code of Criminal Procedure. Under these circumstances, the conviction was void. (*People ex rel. Colan* v. *La Vallee,* 14 N Y 2d 83.) This is true as to a conviction upon a plea of guilty regardless of whether the defendant was prejudiced or not. (*People ex rel. Colan* v. *La Vallee, supra; People* v. *Porter,* 14 N Y 2d 785.) The defendant at the time of the commencement of this proceeding was confined in jail under a subsequent commitment on another charge. A writ of habeas corpus was not available to test the validity of the conviction involved in this proceeding. The *coram nobis* remedy has been extended where there is a showing of a denial of due process requiring corrective judicial procedure. (*People* v. *Codarre,* 10 N Y 2d 361, 363; *People* v. *Wilson,* 13 N Y 2d 277, 281, app. dsmd. 377 U. S. 925.) Order reversed, on the law and the facts; petition granted; and judgment of conviction vacated. Case remanded to the County Court of Chenango County for rearraignment of the defendant. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur with Brink, J. Herlihy, J. I dissent and vote to affirm. The statute has to do with the question of sentence and there is no showing of harm or prejudice in view of the fact that the defendant received a suspended sentence.